UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SCOT KEENE BEDLION                                CIVIL ACTION

VERSUS                                            NUMBER: 13-0612

STATE OF LOUISIANA, ET AL.                        SECTION: "F"(5)

                         **REPORT AND RECOMMENDATION**

    Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Scot Keene Bedlion, has initiated the above-captioned matter in forma pauperis against defendants, the State of Louisiana, the Criminal District Court for the Parish of Orleans, Section "B" of the Criminal District Court, and the unidentified Minute Clerk of Section "B".

    Plaintiff is an inmate of the Orleans Parish Prison. Based upon a review of plaintiff's complaint and on information obtained from the Orleans Parish Sheriff's Office's website, www.opcso.org, it appears that on September 14, 2006, plaintiff pled guilty to one count of purse snatching and one count of unauthorized use of an access card in case No. 464217 "B" on the docket of the Orleans

Parish Criminal District Court and was sentenced to concurrent jail terms of five and ten years, respectively, with said sentences to be served at hard labor and concurrently with each other any other sentences that he was then serving. More recently, plaintiff was arrested on November 18, 2012 for a parole violation and his parole was revoked on December 12, 2012. By way of his present lawsuit, plaintiff alleges that his "rap sheet" incorrectly states that he received ten years for his purse snatching conviction and five years for his unauthorized use conviction, resulting in him being given a flat sentence with no "good time" credits and being held for a year longer than he should have been. (Rec. doc. 2) Plaintiff seeks some 1.5 million dollars in damages. (Id.).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 679 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state

court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973); <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 225 (5th Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's complaint regarding the correctness of his sentences amounts to a challenge to the fact and duration of his confinement which cannot be addressed until he has exhausted the remedies that are available to him in the state court system.[1] In that regard, Bedlion indicates on the face of his complaint, in answer to Question I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action

---

[1] Louisiana law provides that venue for state court actions contesting computations of sentence, discharge, and good time dates or any action concerning parole shall be in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. LSA-R.S. 15:571.15 and R.S. 15:574.2(B)(2).

or otherwise relating to his imprisonment.  Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice to allow Bedlion to exhaust available state court remedies.

The Court must next determine whether any viable §1983 claims are raised by plaintiff's complaint.  It is axiomatic that §1983 provides a cause of action to individuals whose constitutional rights have been violated by a "person" acting under color of state law.  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  However, neither states, their subdivisions, or state officials acting in their official capacities are considered to be "persons" within the meaning of §1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). As to the Criminal District Court and its Section "B", such entities are not capable of being sued under §1983. Scott v. Supreme Court of Louisiana, No. 12-CV-2502, 2013 WL 1288565 at *3 n.7 (E.D. La. March 27, 2013)(citing Moity v. Louisiana State Bar Ass'n., 414 F.Supp. 180, 182 (E.D. La.), aff'd, 414 F.2d 1141 (5th Cir. 1976)).  Finally, although plaintiff names the unidentified Section "B" Minute Clerk as a defendant herein, he sets forth no facts regarding any personal involvement on the

Minute Clerk's part, an essential element of a civil rights cause of action.  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983)(citing Rizzo v. Goode, 423 U.S. 362, 371-72, 96 S.Ct. 598, 604-05 (1976)).  Accordingly, it will be recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass

v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __8th__ day of __April_____, 2013.

>                       _____
>                              ALMA L. CHASEZ
>                       UNITED STATES MAGISTRATE JUDGE